## CHAPMAN v. ANDERSON.

District Court, S. D. New York.

Aug. 9, 1935.

Mitchell, Taylor, Capron & Marsh, of New York City (Russell L. Bradford and George H. Craven, both of New York City, of counsel), for plaintiff.

Martin Conboy, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of New York City, of counsel), for defendant.

HULBERT, District Judge.

This is a suit under the Internal Revnue Law of 1926 for an alleged overpayment of income tax in the years 1925 and 1926.

The bill of complaint alleges, in substance, that the decedent, Eno, in the years involved, was the owner of 60 per cent. of the stock of the Fifth Avenue Building Company and was the income beneficiary of a trust involving an additional .15 per cent., and so entitled to 75 per cent. of any distribution on stock; that distributions on stock were made as follows: March 2, 1925, $80,000; July 15, 1925, $80,000; January 12, 1926, $80,000—of which Eno received $60,000 of each distribution. That the Fifth Avenue Building Company had an operating deficit of $957,-235.15 on March 1, 1913, but that profits were subsequently earned so that the operating deficit on each distribution date was as follows: March 2, 1925, $229,-409.78; July 15, 1925, $109,609.42; January 12, 1926 (surplus), $48,845.92. That since there was no surplus on March 2, 1925, and July 15, 1925, the stock distributions of $80,000 on each date must be deemed to have been paid out of capital; and since there was a surplus of only $48,-

845.92 on January 12, 1926, the remainder of the stock distribution of that date, i. e., $31,154.08, must be deemed to have been paid out of capital; that Eno's proportionate share of the latter sum is $23,361.81; that said distributions, together with distributions from that capital of the same corporation received prior thereto, did not exceed the cost or cost basis to Eno or the trustees of the trust of which he was income beneficiary; that, all this being so, these sums were not properly taxable as income; that Eno duly and erroneously reported the sum of $60,000 (March 2, 1925), $60,000 (July 15, 1925), and $23,361.81 (January 12, 1926), as being income from stock dividends received in the years 1925 and 1926 and paid income tax on them; that Eno later filed a claim with the United States Commissioner of Internal Revenue for a refund of the tax erroneously paid and that the claim was allowed as to a portion of the distribution of March 2, 1925, and disallowed as to all the rest; and, finally, that Eno has paid a total of $18,790.50 which should have been refunded and that the plaintiff, as executor of Eno's estate, is entitled thereto.

The complaint also alleges that on October 31, 1925, the Fifth Avenue Building Company made an entry on its books, writing up its assets by $274,838.97 to reflect the true March 1, 1913, value; that such sum does reflect the true March 1, 1913, value, being an increase of $274,838.97 over the cost price of the assets, which prior to the write-up had been carried on the books of the company; and that such write-up has not been considered as reducing the March 1, 1913, operating deficit of $957,235.15 because it was a mere book write-up of appreciation of assets and was not a true or realized appreciation in the value of assets.

The defendant has moved to dismiss the bill of complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The only point at issue is the interpretation to be given to the write-up of the sum of $274,838.97. If it ought to have been considered as reducing the March 1, 1913, operating deficit, then the following surpluses existed at the dates of distributions on stock: March 2, 1925, $45,429.19; July 15, 1925, $165,229.55; January 12, 1926, $323,684.89 (not deducting the payments as currently made). The defendant's contention, therefore, is that all distributions (excepting a portion of the one of March 2, 1925, for which a refund has already been made) were made out of surplus, and so the tax was proper and the plaintiff has no cause of action.

The statute involved is section 201 of the Revenue Act of 1926 (26 USCA § 932), which provides, as far as pertinent, as follows:

"(a) The term 'dividend' when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

"(b) For the purposes of this chapter every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but. * * *

"(d) If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 935, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. The provisions of this paragraph shall also apply to distributions from depletion reserves based on the discovery value of mines."

It seems clear that, unless an operating deficit or impairment of capital has been made good out of subsequent earnings or profits, any distribution of stock is not a "dividend" under 26 USCA § 932, supra.

In Willcuts v. Milton Dairy Co., 275 U. S. 215, at page 219, 48 S. Ct. 71, 72, 72 L. Ed. 247, a case which arose under the excess profits tax act of 1918, the court said: "We do not think Congress intended that a corporation whose capital was impaired should be entitled to treat profits that, though earned, were insufficient to make good the impairment and create a surplus, as 'undivided profits.'"

This exact language was quoted in the Circuit Court of Appeals in this circuit by Judge Manton in the case of Hadden v. Commissioner of Internal Revenue (C. C. A.) 49 F.(2d) 709, at page 711. He wrote: "Congress did not intend that a corporation should be held to accumulate profits for one tax purpose only and not for another. No earned surplus can be accumulated until the deficit or impairment of paid-in capital has been made good. Dividends paid while there is an operating deficit should be deemed to be from capital or paid-in surplus even though there are earnings of the taxable year sufficient to pay the dividend in whole or in part."

It is significant that the latter case arose under the Internal Revenue Act of 1917, which is in all substantial respects like the statute here involved.

That brings us to the question of whether the appreciated value of $274,838.97 in this case is "earnings or profits," so that it should be applied to reduce the operating deficit of March 1, 1913. I do not think it is.

In La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998, a case arising under the excess profits tax act, the petitioner sought to write up its assets by $9,915,400 as of March 1, 1913, a concededly true and correct appreciation in value over cost price. The Supreme Court rejected this attempt, saying, 256 U. S. 377, at page 393, 41 S. Ct. 528, 532, 65 L. Ed. 998: "There is a legal incongruity in entering upon the books of a corporation as the capital value of property acquired for permanent employment in its business and still retained for that purpose, a sum corresponding not to its cost but to what probably might be realized by sale in the market. It is not merely that the market value has not been realized or tested by sale made, but that sale cannot be made without abandoning the very purpose for which the property is held, involving a withdrawal from business so far as that particular property is concerned."

Here, certainly, the appreciated value has never been realized and, indeed, it is extremely doubtful if it could now be realized at present market prices. Assuredly, corporations cannot revalue their assets from year to year on the basis of present, or even past, market values and so materially change the currently expectable tax. Congress has the power to adopt, as a standard, "cost" value until an appreciation was "realized," and it apparently has done so. Courts should be slow to overrule legislative intent.

An equally clear-cut distinction between "capital" and "income" as affected by appreciation was made in Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054, in interpreting the Corporation Tax Act of 1909.

In Eisner v. Macomber, 252 U. S. 189, at pages 214 and 215, 40 S. Ct. 189, 196, 64 L. Ed. 521, 9 A. L. R. 1570, a case involving a tax on a stock dividend under the Internal Revenue Act of 1916, the court defined "income" in great detail and then said: "Enrichment through increase in value of capital investment is not income in any proper meaning of the term."

What better description can be given of Eno's interest in the $274,838.97 in dispute? If not income, it cannot be so taxed and the defendant's contention falls.

I do not feel that the cases of Edwards v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235, and Hoffman v. United States (Ct. Cl.) 53 F.(2d) 282, support the defendant in any way.

The motion to dismiss the bill of complaint is denied. Settle order on notice.